Mark Greenberg for Anthony Ukele. There seems to be no dispute in this case as to what federal constitutional right is at issue in this case. The district court found, based on Evitz v. Lucy, that the state right to jury unanimity is guaranteed by, at least the enforcement of it is guaranteed by the Due Process Clause. What we're arguing about here, and the Attorney General doesn't seem to dispute this particular issue, what we're talking about here is the finding that the state court was reasonable in finding that there was jury unanimity in this case. We're dealing with a record in this case that seems to me very clear. It's crystal clear. This record establishes beyond a reasonable doubt that there was no jury unanimity on counts 3 to 18 based on the evidence. Mr. Ukele testifies that he had two acts of intercourse with this young lady and stopped when he found out she was under age, or at least that she was under 16, I should say. That the jury had a dispute. The jury had the dispute centered on what constituted an act of lewd and lascivious touching. And we have a judge's instruction that told them to leave the special finding of substantial sexual conduct blank if they could not agree on it. They returned verdicts of guilty on counts 1 to 10. They made the finding of substantial sexual conduct on counts 1 and 2. Again, Mr. Ukele testified that he had two acts of intercourse with the young lady. And they left blank on conduct. Now, it seems to me there's no other way to interpret that record as the jury found. You said that record, but you're only giving us part of that record. When the jury came back, they made, he forwarded orally, raising hands that this is a unanimous verdict. There may be an inconsistency, but the judge did his best he could. He got them when they were in front of him or her, whatever she was, and had them actually ask, was this the jury verdict? And they all said yes. So we have to put that part into it too to determine whether or not this verdict has to be tipped over. What's your response to that? Well, that is subject to ambiguity because before the jury was polled, they followed the judge's findings. Okay. And then they come in and the judge has before the judge all that information. So the judge then gets them to ask whether or not this is a unanimous verdict. Correct. And he said, and there's two senses of unanimity. One sense of unanimity is, are there 12 votes for guilty of this crime? That's what the jury answered in the poll. But the question of whether there's unanimous agreement as to which act constituted each specific count, that's a more subtle concept that doesn't come through the polling question. What should the judge have done in that case? He should have said, well, he shouldn't have instructed them to leave the special findings blank if they couldn't agree on substantial sexual conduct. He should have found out that there was an impasse. He would have dealt with it as an impasse. Either send them back to deliberate, find out if further deliberations are any good or deal with the actual inconsistency then and there. Didn't he deal with it by finding out whether or not it was a unanimous verdict? Well, no, but he injected that error in telling them to leave the special findings blank if they can't agree on it. The way to deal with that is to deal with any disagreement. If California law requires a finding on that special finding, then that's a finding that has to be made. The jury just can't leave it blank if they can't agree. The judge has to determine that there's an impasse and declare a mistrial. Isn't that just the case that Justice Rehnquist language says that we can't go back and talk to the jurors and things like that. We just have to live with the best we can do. Well, if you're talking about the rationale for tolerating inconsistent verdicts, that rationale is that we can't talk to the jurors. We tolerate it, but there's a limit to that. Counsel, you were just reading part of the record and I want to go back to the question I think was asked just one minute ago, maybe the very first question that Judge Wallace asked about what the judge could have done because he not only polled the jury, but just before rereading the unanimity instruction, he said, and again, please remember that the only way you can return true and accurate verdicts is if you all agree the people prove the defendant committed at least one separate and distinct illegal act for each count to which he returned a verdict and you all agree on which act he committed for each count. How more explicit could he be? Well, the verdicts were returned in a truncated fashion, first of all. Counts 1 to 10 were returned first. So my question is, I need to let you answer the question, of course, but just if you could keep my question in mind, what else was the judge supposed to do? That's what Judge Wallace asked and that's what I'd like you to answer. Well, okay. Then let me truncate the answer because the question is what should he have done when? Because the first set of verdicts, counts 1 to 10, were returned before there was, for example, the reopening of closing argument. Those were returned after, not after that instruction on jury unanimity that you pointed out. It was returned after this instruction, the answer to the question, what do we do with the special findings if we can't agree? And the judge said, if you can't agree, leave them blank. That's when the jury returned verdicts on counts 1 to 10 with counts 1 and 2 finding substantial sexual conduct, but counts 3 to 10 blank. There's no way to interpret those verdicts in light of that second instruction. There were other instructions. When asked directly by the foreperson whether the jury may return any of the forms with the top part filled out and the bottom part left blank, the judge said, yes, you may. And, of course, that in and of itself seems to me to be correct. And then defense counsel argued that they should leave it blank if they thought that a particular count did not involve substantial sexual conduct. Told them to do that. The judge's advice, I don't believe, is correct. But here's the problem. This is an ed case, and we have to find that there was an unreasonable determination, as a matter of fact, about jury unanimity. And, of course, the first problem we've got is the jury was polled, right? And you conceded that point. And so it seems to me your argument is really going to hinge upon these instructions, isn't it? Well, it's correct. But then you have to also consider on the fact that the evidence, what is the contours of the factual disputes in this case? Well, but to win on that argument, you have to prove, or you would have to convince us, I think, that the jury was somehow obligated to believe everything that one of the parties said or everything that the other party testified to. You said, well, no, but the point is you did. Now, grant you they testified black and white about the degree of sexual contact, right? I'll grant you that. Yes, and that was the contours not only of the evidence, that was the nature of the substance of the dispute that we know about because of jury questions coming back. We know also that you point out counsel's argument. If you look at counsel's argument, the way to understand that is clearly that you have a choice. You check true or untrue for substantial sexual conduct. If you do not find substantial sexual conduct, don't check the true. That's what counsel meant. Well, that's not what he said. Well, I understand that, but the judge's advice about leaving it blank came first, came before counsel said that, and the jury returned seven blank special findings before counsel ever said that. I don't... If they found it not true, they find him guilty of the substantive count, but they find it not, he's acquitted of the allegation, then what? Then we have, I don't know if we have an inconsistent verdict, we have an odd verdict that I'm not in court. Why is it conceivable, I mean, why is it beyond the realm of possibility that they found him guilty of the substantive charge and they were just simply hung up on the allegation? And so he doesn't get sentenced because of the allegation, he just gets sentenced on the substantive charge. Well, the answer to that is because there's no way to overlap any of these acts on that there's sexual intercourse, oral copulation, I believe there was a sodomy that was attested to, or it was hugging and kissing and petting. What's the point then of having a special interrogatory on the second part of that? Well, I mean, we could go into that. It's a probation eligibility finding. If he's found to have substantial sexual conduct... Right, something else that has to be proven. If they prove it, they don't, you know, he gets the enhanced sentencing. If they don't prove it, he doesn't get the enhanced sentencing. If they prove it, he's, as a matter of law, ineligible for probation, right. But to get convicted of a lewd and lascivious act on a minor, you don't have to have those acts. And at the same time, under California law, you can't amalgamate the different acts into one act. So the answer is that it seems to me, if you have to concede at least that it's a possible interpretation, that they did amalgamate it on this. What I am saying is that you look at this record, you look at the totality of circumstances, it is beyond a reasonable doubt that they were not unanimous on those counts where they left the special finding blank. I see you're out of time, Mr. Greenberg. Thank you. May it please the Court, Michelle Swanson on behalf of the state. Morning. I just wanted to make clear, appellant doesn't seem to think my brief is, that, which I did make clear in my brief was that there is no Supreme Court law that clearly establishes a federal constitutional right to jury unanimity. With respect to, I think, where my brief was perhaps unclear, appellant believed, is that the state is also saying that there's no clearly established Supreme Court law establishing that state's requirement of unanimity, that the due process clause applies in that situation. I assumed for the sake of argument in my brief that it did, and that the only clearly established law that would govern the state court's opinion in this case would be general due process principles, and that state courts under AEDPA are given much leeway in coming to a decision under . . . We're dealing here with the California Constitution, correct? Yes. And so we have to look and determine whether or not unanimous verdicts are protected under the 14th Amendment. Is that correct? Well, there is no, there is no 14th Amendment right to jury unanimity under the federal Constitution. This is a state-conferred right. Okay. It's a state-conferred right. Right. And so . . . I'm sorry. Go ahead. It's just I think you're missing the question. Just finish your sentence. Okay. Because I'm interested. I've asked the question. Please finish it. So here, since the state court, the state has given defendants the right to jury unanimity, that's just a state right. But the state courts were assuming for the sake of argument that, because there's a state-conferred right, that the due process, the general due process clause would apply to the state court's decision. That's the point I was trying to get to. Has there been any case, federal or state, that's ruled on that issue? No. So what we have to do before we do anything else is make a determination on that particular ground? Well, you could do what I did in my brief and assume, for sake of argument, that it applies. Let's assume we can't assume. Then, yes, you would have to find that the due process clause would govern a state-conferred right to jury unanimity. Why? And there's been a California case that's indicated that. Not that I'm aware of. Okay. If the court reasonably found, or did not unreasonably find, that the jury was in fact unanimous, can't that be the end of the analysis? If... As a matter of fact, the D2 argument. If, as a matter of fact, it was not an unreasonable determination that these folks were polled and were unanimous, wouldn't it be appropriate that that would be the end of the analysis? Yes, because they found no violation of the state right to unanimity. And so, therefore, there's no federal constitutional violation. So, could I ask you, what is your response to the argument that opposing counsel makes about the one witness testifying the one way, and quite consistently, that essentially that every act constituted substantial sexual conduct, and the other witness testifying the way he did? In terms of not quite... That's his argument about inconsistency. They either believed him or they believed her, and she testified in such a way that all of it had to have been substantial sexual conduct. And his testimony, except for the two stipulated, I'll say stipulated, instances is that none of it was. So, there wasn't any... His argument, I think, essentially, is that there was no middle of the road testimony. Well, I mean, you know, there was a lot of testimony. It was all over the place. The jury, they could believe parts of the defendant's testimony and not believe other parts of it. They could believe parts of the victim's testimony and not believe parts of it. What the record shows is that what appears to be a majority of the jurors completely believed everything the victim said, and that there was one juror that was having problems either understanding the law or, for whatever reason, was not really happy with going... Right. I think that's a fair summary. That's how it reads to me. You know, of course, we're a long way away doing this on appeal, but that's how the record reads. And yet, we have these instructions where the judge told them what they needed to do when they were starting to sound like they were reaching an impasse. Right? Right. And, you know, of course, we can't go into what happened in the jury room. We don't know. We're not allowed to do that. Here, what we have, though, is a determination by the state court that the jury's verdicts were facially unanimous, and they had a unanimity instruction. The prosecutor explained that instruction during his closing argument. The trial court made every possible effort to ensure that these verdicts were unanimous. He pulled them more than once, individually, as a group, raising hands, and reaffirmed that unanimity instruction at every point when he was pulling them. And so, facially, the state court's determination that they were facially unanimous is not subject, in my view, to reasonable dispute. So, under state law, what happens when you have a facially unanimous verdict is the burden is on the defendant to overcome that facial unanimity. And the state court found that the defendant just simply could not do that in this case. His conjecture about what happened in the jury room and why the verdicts were inconsistent, as the state court pointed out, there could be many reasons why. Many reasons why. Confusion, mistake, just exhausted, and they just gave up. Who knows? But the law says that we can't question that. Inconsistent verdicts are fine, even if they ignored the court's instruction regarding returning the special allegation verdict. They were confused by what defense counsel said. Under state law, that's fine. And so, the state court's determination that there was no state law violation in the unanimity instruction does not rise to the level of federal violation. And so, on federal habeas, the defendant is not entitled to relief. I guess what I'm having a hard time getting my mind around, and maybe Mr. Greenberg and I discussed this a little bit, the verdict form contemplates that he could be found guilty of the substantive crime and acquitted of the special allegation, right? I mean, that's a possibility. Yes. Right? So it's hard for me to see how he could be worse off if they find him guilty and they're hung on the special allegation. I agree with that. I mean, he wasn't sentenced as if he were convicted of the allegation. He was sentenced as if he were not convicted of the allegation, just as if he had been acquitted of the allegation. Correct. And that could very well be what happened. I mean, I think that's what defense counsel suggested. If you find that it's not true, just leave it blank. And these people were exhausted. And that could very well be what happened. If Mr. Greenberg's right and they're really hung up, you should treat it like an impasse. Then I guess, theoretically, you could get a mistrial on the allegation. You retry that. But again, we don't know what happened and we can't question that. We can't get into what the deliberative process was. I'm a little concerned about... I thought that the defendant had a federal due process right to state-guaranteed liberty of a unanimous verdict. You say there's been no cases on that? There's been no United States Supreme Court case that has said that. What about Hicks and Laboa? Those did not involve jury unanimity in this context. They did, but they did not... But they come close to it by the wording of the two cases. I did not read those cases as saying that a state-conferred right to jury unanimity is entitled to due process protection. And I think I set that out in my brief, the holdings of the cases that have come close... Not come close, but have talked about when a state-conferred right is entitled to that protection. And none have involved jury unanimity, a state-conferred right to jury unanimity. So it would be a first impression case if we make the decision, assuming we may have to. Well, but under AEDPA, you're bound by United States Supreme Court precedent. I beg your pardon? Well, under AEDPA, you're bound by United States Supreme Court precedent. Yes, we've always followed the Supreme Court. We've tried our best, and they've made it clear to us what their precedent is. But it strikes me that this... Is this an issue that was discussed below as to whether or not the constitutional right to a unanimous verdict becomes a right that is enforceable under the... It was not seriously discussed. The state felt that it was so clear that there was... That the state court did not unreasonably make a determination that we just went ahead and assumed it for the sake of argument. And that's what I did here on appeal, and still firmly believe that. So, if I understand correctly, then the decisions of the courts below have not been to make that determination, but just, if there is one, it doesn't count here, so they don't have to reach it? Well, assuming that there is... That it is protected in the due process, the state court's decision was not an unreasonable application of the general due process principles it was bound by. So that's what they did below. Yes. They just didn't reach it, because if they reached it, he'd still be losing, and they didn't get to it. Yes. All right. I understand, though. Thank you. Thank you, Ms. Watson. Thank you. Mr. Greenberg, you used up your time, but Mr. Pryor, you put a minute on the clock, please. We'll give Mr. Greenberg a minute in rebuttal. Thank you. There is a case that talks about California's jury unanimity right as having a federal constitutional aspect to it. That's Wolfe. We cited in the brief. We quoted it. It comes within the, shall I use the word, penumbra of Evitz v. Lucey, Hicks v. Oklahoma. It's inconceivable to take the other unanimity requirement, 12 votes, for the crime. If California, by some stretch of the imagination, a Superior Court judge, allowed a 9-3 verdict, and by some stretch of the imagination, a court of appeals said, that's okay, I don't see how a federal court could possibly not find a due process violation in not enforcing that California constitutional right. That's the same thing with the other unanimity requirement. Here, that isn't her argument. Her argument is, even if that's so, you still lose because— No, no, I understand that. But I don't think I lose on that. I think my record does establish, beyond a reasonable doubt, that this jury could not agree as to which act constituted the lewd and lascivious act on a child from counts 3 to 20. And that's what the dissent found. The dissent found it crystal clear. That dissent is right, is reasonable. The majority is not. Thank you. Ms. Swanson, thank you. The case just argued is submitted.
judges: Wallace, Silverman, Christen